UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEMENT MASONS LOCAL 527, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:07-CV-1472 (CEJ) |
| WELLINGTON CONCRETE, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel an accounting, following an entry of default against defendant Wellington Concrete, LLC.[1]

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are three employee benefit plans (the Pension, Vacation, and Trust[2] funds), their trustees (collectively, the plans), and the Cement Masons Local 527 (the union). They seek an order compelling defendant Wellington Concrete, LLC, to submit to an audit for the period of October 1, 2003, to the present.

---

[1]Defendant was served with the summons and complaint on August 22, 2007, and has not filed an answer or otherwise appeared in this matter. The Clerk of Court has entered default against the defendant.

[2]The Trust fund is also referred to as the Welfare fund. See Employer Reports of Hours Worked, Ex. 2 to Affidavit of Kurt E. Dierkes [Doc. #5-11 - #5-24].

Defendant entered into a collective bargaining agreement with the union on September 23, 2003, which was effective through April 30, 2004. Although defendant did not execute a successor agreement, the executed agreement provided that it "shall be automatically renewed for additional periods of one (1) year each . . . unless at least sixty (60) days prior to the termination of the original . . . Agreement, or . . . of any renewal . . ., either the Employer or the Union give the other written notice of its intention to terminate . . . this Agreement." Cement Masons 1999-2004 Agreement, Art. 21. According to Kurt E. Dierkes, financial secretary for the union and a trustee of the funds, defendant has not taken any action to terminate the agreement. Furthermore, defendant has continued to submit monthly contribution reports and to pay fringe benefit contributions. This evidence is sufficient to establish that defendant adopted the collective bargaining agreement by course of conduct. See <u>Schembre v. AGR Construction Co. & ABDF Construction, LLC</u>, Case No. 4:06-CV-943 (CEJ) Memorandum and Order (E.D. Mo. May 22, 2007) (employer bound by successor agreement where employer submitted contribution reports, paid contributions, and cooperated in financial examination).

In a letter written on November 15, 2005, the union's accounting firm informed defendant that the firm had been engaged to complete an examination of the fringe benefit contributions. According to accountant John Massa, defendant initially agreed to produce several categories of documents he requested, including compensation records, payroll journals, payroll tax forms, and

general ledgers. Despite its initial agreement, however, defendant has produced only payroll documents for employees it classifies as cement masons.

Plaintiffs move for an order compelling an accounting pursuant to Rule 55(b)(2), Fed.R.Civ.P., in order to determine the amount of damages. Plaintiffs have established that defendant Wellington Concrete, LLC, is bound by a collective bargaining agreement with the Cement Masons Local 527. The agreement requires signatories to submit contributions to the funds, see § 7.06 (Pension fund), § § 7.07 (Welfare fund), §7.12 (Vacation), and authorizes plaintiffs to examine the financial records to ascertain whether the required contributions were made. See § 7.10 (Collections and Payroll Auditing). The only means by which plaintiffs can determine the amount owed is through such financial compliance examination.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default order to compel an accounting [#5] is **granted**.

**IT IS FURTHER ORDERED** that defendant Wellington Concrete, LLC, shall, not later than **November 30, 2007,** produce for inspection by plaintiffs the following documents for the period of October 1, 2003 to the present: (1) individual compensation records, payroll registers, and payroll journals; (2) time cards; (3) Federal and State payroll tax forms; *i.e.*, W-2s, 1900s, and state quarterly payroll tax returns; (4) employee data, including names, addresses and phone numbers, and all available documentation to verify job duties, including but not limited to job applications, certified

payrolls, and workers' compensation reports; (5) copies of reporting forms to all union trust funds; (6) job cost records; and (7) general ledgers, cash disbursement journals, and supporting documentation.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2007.